■ JACK LYONS, Respondent, v JEROME FELDMAN, Appellant, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, defendant Jerome Feldman appeals from so much of an order of the Supreme Court, Nassau County, entered December 9, 1976, as, *inter alia,* (1) denied his motion to dismiss the complaint for failure to join necessary parties defendant and (2) vacated a prior stay of the entry of plaintiff's interlocutory judgment of foreclosure and sale. Order affirmed insofar as appealed from, with $50 costs and disbursements. On the basis of the record presented, no additional defendants are required, and the stay was properly vacated. Upon the argument of the appeal before us, respondent stipulated that it would not interpose the defense of the Statute of Limitations to the severed counterclaims of the defendants. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ KENNETH B. MAYEUR, Appellant, v STATE-WIDE INSURANCE COMPANY, Respondent.—In an action commenced by a summons and motion for summary judgment in lieu of a complaint, pursuant to CPLR 3213, based upon a money judgment entered by the plaintiff against the defendant in the State of Louisiana, the plaintiff appeals from an order of the Supreme Court, Queens County, dated August 9, 1976, which denied his motion for summary judgment and granted summary judgment to the defendant. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice Kassoff at Special Term. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ FRANCES M. PETRAGLIA, Respondent, v FRANK P. PETRAGLIA, Appellant.—In a matrimonial action in which plaintiff was previously granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Richmond County, dated December 7, 1976, which (1) approved the issuance of a wage deduction order pursuant to section 49-b of the Personal Property Law and (2) eliminated his weekly visitation privileges. Order modified, on the law and the facts, by (1) deleting therefrom the provision which eliminates weekly visitation privileges and substituting therefor a provision that defendant may have visitation with the two infant children, away from the custodial residence, on alternate Sundays, between 11:00 A.M. and 8:00 P.M., only upon two days' notice to plaintiff in advance of each such visitation and (2) adding thereto a provision prohibiting defendant from entering upon plaintiff's residence and its surrounding property at any time. As so modified, order affirmed, without costs or disbursements. Only a " 'pressing concern' " and proof that visitation is " 'inimical to the welfare of the children' " justifies the deprivation of reasonable visitation *(Matter of Doe v Doe,* 86 Misc 2d 194, 197). However, plaintiff must be protected from the continuous course of harassment she has been subjected to as a result of such visitation. Finally, the wage deduction order against defendant was proper, since he has not submitted proof of inability to make the support payments (see Personal Property Law, § 49-b, subd 3). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.