■ PATRICIA D. O'NEILL, Respondent-Appellant, v JOHN J. O'NEILL, Appellant-Respondent.—In a matrimonial action in which plaintiff-respondent-appellant moved to modify the custody and visitation provisions of a judgment of divorce, the parties cross-appeal from an order of the Supreme Court, Queens County, entered May 5, 1977, which, *inter alia,* granted plaintiff certain visitation rights but denied her application for a change of custody. Order modified, on the facts, by deleting the fourth, fifth, sixth and seventh decretal paragraphs thereof and substituting therefor provisions that visitation shall take place at the home of the appellant-respondent father and that plaintiff may be accompanied during those periods of visitation by not more than one person, who shall be a relative. As so modified, order affirmed, without costs or disbursements. The parties were married in Queens, New York, on May 13, 1972; the following year a child, John, Jr., was born on February 21, 1973. Marital difficulties arose and the husband obtained an uncontested divorce against the plaintiff on the ground of cruel and inhuman treatment on March 7, 1974. The divorce decree granted him custody of the child, but failed to make any provision for the mother's visitation. Thereafter, in May, 1975, the plaintiff moved to obtain custody and/or visitation rights pursuant to section 240 of the Domestic Relations Law. A hearing with respect to the issues of custody and visitation was eventually held in October, 1976 (see *Obey v Degling,* 37 NY2d 768). The order under review denied the application for a change in custody, but granted the plaintiff certain unsupervised visitation with the four-year-old child, away from the home of the father, on Saturdays, certain specified holidays and four consecutive weeks in the summer. Both the mother and the father, who had remarried, cross-appeal from the order, the former asserting that the tender age of the child demands a closer relationship with the mother, and the latter alleging that the mother is totally unfit and, in fact, poses a serious threat to the physical welfare of the child. The order should be modified to the extent indicated herein for the best interest of the child which, of course, is the cardinal rule this court must follow (see *Matter of Ebert v Ebert,* 38 NY2d 700, 702; *Obey v Degling,* 37 NY2d 768, 769-770, *supra; Finlay v Finlay,* 240 NY 429, 433-434; Domestic Relations Law, §§ 70, 240). The weight of credible evidence adduced at the hearing indicates that the mother had not seen the child, now four and one-half years old, since the child had been 10 month old, at which time she voluntarily abandoned the child, leaving him with a neighbor. The mother is, in fact, almost a virtual *stranger* to the child, who at this time is progressing normally with the father and his present wife; the trial court characterized the father's

conduct as "exemplary". The weight of the evidence indicates that not only did the mother show a lack of affection and interest for the child when she was caring for him, i.e., during his first year, but on occasion had threatened his life, mistreated him physically, and left him unattended in a filthy apartment overrun with house pets. Under these circumstances, it is clear that the risks to the welfare of the child entailed in unsupervised visitation away from the father's home are too great to countenance and that the order must be modified to keep the visitation in the father's home. The modification here made is always subject to change if the facts and circumstances so warrant (see *Matter of Bennett v Jeffreys,* 40 NY2d 543). Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.