■ In the Matter of FREDERICK AUSTIN, Respondent, v JOAN AUSTIN, Appellant.—Appeal from an order of the Family Court of Cortland County, entered May 17, 1977, which awarded custody of the parties' three children to petitioner. The petitioner and appellant were separated in 1974 and divorced in July, 1975. Temporary custody of the children of the marriage, Patricia, Diane and Frederick, was awarded to appellant. On April 6, 1976, the temporary custody of the eldest child, Patricia, who was then 14, was transferred to the petitioner with the consent of the appellant. On June 27, 1976, the petitioner failed to return Frederick to appellant after a regularly scheduled visitation. Petitioner subsequently petitioned Family Court for permanent custody of Diane and Frederick. The Family Court, following extensive hearings, awarded permanent custody of the children to petitioner. The court in its oral decision stated that the reports of the probation department showed marked changes in the children and in the households of the parents and found that the interests of the children would be best served by their being with the petitioner. The appellant contends, on this appeal, that there is no evidentiary basis for a finding by the court of changed circumstances warranting the transfer of custody from appellant to petitioner. Appellant additionally urges that the Family Court improperly relied on a report of the probation department as the real basis for its decision, the contents of which were not divulged to the parties and which report they were not given an opportunity to controvert. Appellant argues that this constitutes reversible error. We agree. It is a fundamental legal concept that the best interests of children must govern in the adjudication of custody (Domestic Relations Law, § 70). It appears from the record that both parents love and care for their children and that their respective homes are comfortable and more than sufficient to meet the children's needs. The record contains no significant evidence that the children have suffered any damage while with the appellant outside of minor manifestations of stress shown by them on several occasions. These were the natural consequence of the unfortunate antipathy of the divorced parents towards each other. They are bright, loving, communicative children; wholesome and well-balanced. As the Court of Appeals noted in *Matter of Nehra v Uhlar* (43 NY2d 242, 251), "Priority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded to the

first custody awarded in litigation or by voluntary agreement". Applying this principle to the matter before us and considering the best interests of the children, the appellant is entitled to custody. She was initially awarded custody and she has continually exercised this custody since September, 1974, when the parties first separated. There is insufficient evidence in this record to show that the children will be harmed in any way by remaining with the appellant. The appellant's friendship with Mr. Fessler has produced no evidence of a detrimental effect on the children. A mere relationship between a parent and a third party will not give rise to grounds for change in custody (*Opferbeck v Opferbeck*, 57 AD2d 1074). Since the record is barren of any evidence of changed circumstances, we conclude that the court may have based its decision on a probation report whose contents and accuracy are unknown. Such a report cannot serve as a basis for awarding custody (*Matter of Lincoln v Lincoln*, 24 NY2d 270). In *Lincoln*, the court wisely noted, in discussing the use of professional reports and independent investigation by a Trial Judge, that their use in the absence of counsel entails too many risks of error and that the interests of the children require that their accuracy be established. This was not done here. Absent consent of the litigants to the use of the probation report, a decision based on it cannot stand. Order reversed, on the law and the facts, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.