■ MESSODY GOLDRING, Respondent, v MANO GOLDRING, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated October 20, 1978, as modified the judgment of divorce by (1) providing for alimony of $50 per week, (2) deleting the requirement that the plaintiff post a bond if she leaves the country with the children of the marriage, (3) suspending the defendant's right of visitation until he has obtained a psychiatric evaluation which shows that he is no danger to his former wife or to the children, and (4) forbidding the defendant from going to the children's school. Order modified, on the law, by deleting (1) the fourth and fifth decretal paragraphs thereof, which provide that defendant is to pay plaintiff alimony of $50 per week, (2) the sixth decretal paragraph thereof, which deletes the provision of the judgment of divorce requiring plaintiff to post a bond in the event she leaves the country, and (3) the ninth decretal paragraph thereof, which provides that plaintiff may travel with the children without being subject to any limitation arising out of the prior judgment of divorce, and by adding thereto a provision denying the branch of plaintiff's motion which sought to delete from the judgment the requirement that plaintiff post a bond in the event she should leave the United States with her children. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for a new hearing on the question of defendant's financial status for the purpose of fixing alimony. The parties to this action were married in Morocco in 1969 and have four children between the ages of four and nine. After the wife instituted an action for divorce, the parties appeared in court on February 8, 1977, at which time they entered into a stipulation in open court. As part of the stipulation, the husband withdrew his answer and the wife was subsequently awarded a divorce on the ground of cruel and inhuman treatment. The stipulation entered into by the parties was incorporated but not merged into the judgment of divorce. Since at the time of the hearing the wife was receiving public assistance and the husband was allegedly unemployed, the stipulation made no provision for an award of alimony or child support. The stipulation did provide, *inter alia,* for extensive rights of visitation in the husband, that the residence of the children should not be more than 35 miles from the City of New York, and that the husband could attend meetings and functions at the school which the parties' children attend. At the time the stipulation was placed

on the record, the wife asked if she could take the children out of the country. During an earlier court appearance, it was stipulated that the wife had applied for a passport for herself and her four children. In light of these facts, the husband expressed the fear that she would take the children to Morocco, where the wife's parents reside and not return. As the result of the suggestion of the wife's attorney, a provision was included in the stipulation prohibiting the wife from removing the children from the continental United States without the husband's consent unless she first posts a bond of $100,000. The judgment of divorce was granted on March 14, 1977. On May 29, 1978 the wife moved, *inter alia,* to modify the judgment of divorce to the extent that a hearing be held on the issue of alimony and child support, and to delete so much of the judgment of divorce as required her to post a bond should she leave the country with her children. In an affidavit submitted in support of the motion the wife claimed that she had no desire or intent to return with the children to Morocco for fear that they would face discrimination there. In addition, the wife alleged that the husband was in the jewelry business and that his receipts and salary were always paid in cash. In his opposing papers, the husband alleged that his only source of income is $352 per month in Social Security disability payments for a back injury which makes it impossible for him to work. The motion came to be heard on September 26, 1978. Noting that the stipulation made no provision for alimony, Special Term found that the stipulation was not binding on it and in its order awarded the wife $50 per week alimony. In addition, as a result of the testimony given at the hearing, Special Term suspended the husband's right of visitation until a psychiatric evaluation would show that he is no danger to his former wife or children and banned the husband from going to the children's school or having any other contact with the children. The order also deleted the requirement that the wife post a bond in the event she takes the children out of the country. The husband now appeals from the order of Special Term modifying the judgment of divorce. As a general rule, a stipulation which is incorporated but not merged into a divorce decree is regarded as an enforceable contract (see *Vranick v Vranick,* 41 AD2d 663). Insofar as a modification of alimony is concerned, where the stipulation has not merged, the court will not order the husband to pay more except where it appears that the wife is actually unable to support herself and is in danger of becoming a public charge (*McMains v McMains,* 15 NY2d 283). Here, however, the stipulation made *no* provision for alimony, and Special Term regarded it as void under section 5-311 of the General Obligations Law, which prohibits any voluntary release of a husband's duty to support his wife. Nevertheless, the support provisions of section 5-311 of the General Obligations Law are not a factor in this case both because this court has held those provisions to be unconstitutional and void (see *Greschler v Greschler,* 71 AD2d 322) and because the plaintiff never waived her right to alimony. The minutes of the divorce hearing establish that the stipulation the plaintiff entered *into* did not provide for support because her husband was unemployed and unable to pay at the time. The divorce court therefore "reserved" the question for the "[Supreme] Court, Family Court, or any other court of competent jurisdiction." On these facts, it cannot be said that the plaintiff contracted to relieve her husband of his liability for her support. However, notwithstanding its undoubted power to award alimony on the basis of the plaintiff's subsequent modification motion, there was no evidence presented which justified Special Term's award of the $50 per week here in issue. A new hearing must therefore be held on the question of the husband's financial

status in order to fix an appropriate amount of alimony. The bulk of the testimony received at the modification hearing showed the husband to be emotionally unstable. He torments his ex-wife three or four times a day, from early morning to late evening, by standing outside her apartment and screaming curses at her. Since the divorce, he has physically assaulted her twice. Testimony also showed that the children fear their father, often hide when he comes to take them for a visit, and are literally dragged down the street by him when they do not want to go. Under these circumstances, Special Term was justified in suspending the husband's visitation rights and forbidding him from going to the children's school. As to the question of posting a bond, the record shows that plaintiff desires to leave the country with her children. In addition, it was plaintiff's own attorney who first suggested the possibility of a bond. Plaintiff may not now avoid that part of the stipulation which was, in effect, of her own making merely because she finds it onerous. Moreover, it must be noted that the husband's visitation rights have merely been suspended, not terminated. Removal of the bond requirement would enable the wife to take the children out of the country and sever all contacts with their father. The provision of the divorce decree requiring the wife to post a bond must therefore be reinstated. Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.