■ CHARLES W. QUARLES, Respondent-Appellant, v PAN AMERICAN WORLD AIRWAYS, INC., Appellant-Respondent. — In a negligence action to recover damages for personal injuries, (1) the parties cross-appeal from an order of the Supreme Court, Queens County (Rodell, J.), dated March 17, 1981, which denied the defendant's motion to dismiss the action for failure to timely serve a complaint upon condition that the attorneys for plaintiff "pay * * * the defendant the motion costs", and (2) plaintiff appeals from so much of a further order of the same court, dated May 21, 1981, as, upon reargument, adhered to the original determination with respect to the imposition of costs. Plaintiff's appeal from the order dated March 17, 1981 is dismissed as academic, without costs or disbursements. The portion of that order whereby plaintiff was aggrieved was superseded by the order granting his motion for reargument. Order dated March 17, 1981 affirmed insofar as appealed from by defendant, and order dated May 21, 1981 affirmed insofar as appealed from by plaintiff, without costs or disbursements. No opinion. Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.

■ MIRIAM R., Respondent, v ARTHUR D. R., Appellant, et al., Defendant. — Appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 27, 1981, as resettled by a further order of the same court, dated September 14, 1981, which terminated the defendant father's visitation rights pending a psychiatric evaluation of himself and his daughter. Order, as resettled, affirmed, without costs or disbursements. A parent's right to visitation is always subject to the best interest of the child (*Matter of Denberg v Denberg,* 34 Misc 2d 980, 986). In this case the noncustodial parent was granted his application to resume visitation. However, that grant was not absolute and the court specifically required that the meetings between the father and his daughter be evaluated by a neutral party for a six-month period. That party reported to the court that he found the meetings to be "counter productive to the well-being of the child at this time". The court found the relationship between appellant and his infant daughter to be "traumatic to the child". It was therefore a proper exercise of discretion to discontinue the father's visitation rights pending further psychiatric evaluation of the father and his daughter (cf. *Goldring v Goldring,* 73 AD2d 955, 957). Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.