(March 23, 1982)

■ EDWARD QUINN, Respondent, v PATRICIA QUINN, Appellant. — In a divorce action, defendant wife appeals (1) from an order of the Supreme Court, Suffolk County (De Luca, J.), dated January 7, 1982, which, *inter alia,* awarded temporary custody of the parties' older child to plaintiff and directed the wife to pay the sums of $75 and $50 per week as temporary maintenance and child support, respectively, and (2) as limited by her brief, from so much of an order of the same court, dated February 3, 1982, as, upon granting defendant wife's motion for reargument, awarded temporary custody of both children of the parties to the plaintiff husband and otherwise adhered to its prior determination. Appeal from order dated January 7, 1982, dismissed, without costs or disbursements. The order was superseded by the order entered upon reargument. Order dated February 3, 1982 modified, on the law, by adding a provision thereto granting defendant wife reasonable visitation rights. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to fix visitation rights and it is directed that all preliminary trial proceedings shall be conducted expeditiously and completed by May 1, 1982 and the trial shall commence no later than May 15, 1982. In the absence of a "pressing concern" and proof that visitation is "inimical to the welfare of the children", the parent to whom custody is not awarded must be granted reasonable visitation privileges (see *Petraglia v Petraglia,* 56 AD2d 923). Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.

(March 29, 1982)

■ JANET FRANCIS, Appellant, v NEW YORK CITY et al., Respondents. — In an action to recover for personal injuries arising from medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), entered January 17, 1981, which denied plaintiff's motion for "reconsideration" of an order dismissing the complaint. Appeal dismissed, with $50 costs and disbursements. The motion was one for reargument and no appeal lies from an order denying a motion for reargument (see *Matter of Carillo v Axelrod,* 83 AD2d 552). Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.