█ In the Matter of SHARON McGREEVY, Respondent, v THOMAS McGREEVY, Appellant. — Appeal from an order of the Family Court of Rensselaer County (Dixon, J.), entered March 8, 1982 which, *inter alia,* fixed visitation rights of respondent with the infant issue of the parties and ordered respondent to pay petitioner's attorney $300 in counsel fees. The parties herein were divorced in August, 1975. Custody of their then one-year-old son was awarded to petitioner Sharon McGreevy and questions concerning visitation rights of the noncustodial parent, respondent Thomas McGreevy, were referred to Family Court. A number of petitions were filed in Rensselaer County Family Court concerning visitation, which resulted in the parties making 20 court appearances. By August, 1980, there were three coexisting orders in the matter. After an order was entered on April 14, 1981 by Judge Reeves of the Family Court, which embodies an order of April 3, 1981 as well as three prior orders, petitioner requested a fact-finding hearing. On April 23, 1981, Judge Reeves granted a motion to reopen the matter and set May 21, 1981 as the trial date. Eventually, after much legal argument and maneuvering, the hearing was conducted before Judge Dixon on October 20, 1981, at which both parties testified. Petitioner's attorney also moved for counsel fees. By decision dated January 18, 1982 and order dated March 6, 1982, Judge Dixon directed that (1) all prior visitation orders be vacated; (2) respondent have visitation (a) on alternate weekends, (b) during the first two weeks in July and the last two weeks in August, (c) from 3:00 P.M. Christmas Day until 6:00 P.M. December 30 each year, (d) from 3:00 P.M. Thanksgiving Day until 6:00 P.M. the following day, and (e) for four days during spring vacation; (3) respondent not request school records from the child's school, but petitioner is to furnish them to respondent; and (4) petitioner's attorney be paid $300 in counsel fees by respondent. This appeal ensued. Respondent first argues that Judge Dixon

erred in presiding over the hearing of October 20, 1981 in violation of CPLR 2221 because Judge Reeves signed the order of April 14, 1981. We disagree. CPLR 2221, insofar as relevant, provides that "[a] motion * * * to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order". Respondent misinterprets the meaning of this provision. The statute provides that the application to vacate an order must be made to the Judge who signed that order. This is what occurred here. Judge Reeves, on petitioner's motion to reopen the case and take testimony on April 23, 1981, granted the motion. Judge Reeves, in effect, vacated his order of April 14, 1981 and set the case down for a hearing *de novo*. Once Judge Reeves vacated his order, any available Judge could then conduct the new hearing and determine the matter. We next find respondent's contention that the court erred by refusing to allow respondent's psychologist to testify at the hearing to be without merit. The court, in refusing to allow the testimony, acted well within its discretion. The custodial parent was never informed of the psychological examination of her child, did not consent to it and was not interviewed by the psychologist (see *Matter of Bennett v Jeffreys,* 40 NY2d 543, 549). Respondent's claim that the court improperly denied him visitation on Wednesday nights is not persuasive. An order which affects visitation must be addressed to the child's best interests (see Domestic Relations Law, § 240; *Kresnicka v Kresnicka,* 48 AD2d 929). The court's determination that Wednesday night visitations were no longer appropriate because the child was in school was well within the proper exercise of its sound discretion. We find, also, no error in the court's direction to respondent to cease direct contact with school authorities concerning his son's school progress. The father's right to exercise a parental role over his son's progress at school will be adequately served by the court's direction that petitioner supply respondent with the records. Finally, we find no error in the trial court's award of $300 in counsel fees to petitioner's attorney. Respondent's yearly income is almost three times that of petitioner. In view of petitioner's modest assets, there was no abuse of the court's discretion in awarding respondent counsel fees (see Domestic Relations Law, § 237, subd [b]; *Walsh v Walsh,* 92 AD2d 345). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.