■ In the Matter of JOSEPH E. McDONALD, Appellant, v JUDY A. McDONALD, Respondent. — Appeal from orders of the Family Court of Schenectady County (Griset, J.), entered January 19, 1982 and March 3, 1982, which dismissed a petition for modification of custody and awarded attorney's fees to respondent. The parties to this proceeding separated in April, 1980. By then, they had been married for approximately 10 years and had two children, ages 9 and 12. The older child was respondent's by a previous marriage and had been adopted by petitioner. Pursuant to a stipulation entered into by the couple, the Family Court, by order dated June 20, 1980, awarded respondent sole custody of the children. Petitioner seeks to modify that custodial arrangement. He maintains that respondent is now an unfit parent for she allegedly allows a male friend to frequent her home and remain there overnight and further because she has on occasion left the children unattended until the early morning hours. The only witness produced at the hearing was petitioner. Upon the completion of his case, the Law Guardian's report and recommendation were heard and the court then granted respondent wife's motion to dismiss. Counsel fees of $400 were thereafter awarded to the wife. We affirm. In the course of his testimony, petitioner acknowledged that respondent "has always been a good mother", that the children were psychologically and physically fine, that they regularly attended church and religious instruction, and continued to perform satisfactorily in school. The admitted reason for instituting this proceeding was to obtain a court order prohibiting respondent's male friend from remaining in the home after the children's bedtime. Such an order was necessary in petitioner's view to ensure the religious upbringing of the children and to prevent them from being emotionally scarred. Petitioner, however, offered no evidence that the children were emotionally upset in any respect. He also failed to establish that respondent had engaged in any conduct detrimental to the well-being of the children. Furthermore, the Law Guardian advised the court that she discerned no adverse emotional impact upon the children as a consequence of respondent's relationship and urged that custody remain with the mother. On this record, the necessary "countervailing circumstances" needed to justify modification of custody do not exist (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95). A mere relationship between a parent and a third party does not, by itself, warrant such a modification (*Matter of Austin v Austin*, 65 AD2d 903; *Opferbeck v Opferbeck*, 57 AD2d 1074). We see no need to adopt petitioner's suggestion that this matter be remanded for a further hearing. Although the custody arrangement was arrived at by stipulation, the evidence at the Family Court hearing establishes that it is in the children's best interests for them to remain in respondent's custody. Petitioner's evening work schedule, the undisputed fact that the children are prospering under their mother's care, and petitioner's initial decision to grant custody to respondent are factors which, when considered together, dictate that custody be with the mother. Finally, since a showing of indigency is no longer a

prerequisite to an award of counsel fees, the court did not abuse its discretion in awarding respondent attorney's fees (*Matter of Walsh v Walsh,* 92 AD2d 345; *Matter of McGreevy v McGreevy,* 92 AD2d 1077). Orders affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.