■ JOEL RUBIN, Appellant, v SHARON RUBIN, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated February 3, 1982, which denied his application for visitation rights and ordered him to pay respondent $1,500 for counsel fees. Judgment modified by deleting the provision denying petitioner's application for visitation, and matter remitted to the Supreme Court, Nassau County, for a new hearing in accordance herewith. As so modified, judgment affirmed, without costs or disbursements. The hearing shall be conducted with all convenient speed and shall be heard before a Justice other than the one who presided at the hearing under review. Upon this record, we are of the view that the best interests of the children required that petitioner, the noncustodial parent, be permitted supervised visitation with the parties' children at some neutral site. However, in light of the long delay between the prior hearing and determination thereon and the present time, we find that a new hearing is necessary to determine whether petitioner should have visitation at this time, and if so, whether such event should take place in a chaperoned or unchaperoned setting. At the very least, prior to the new hearing, the court should request a new investigation by the Probation Department including a full evaluation and a psychiatric and psychological study of all parties the Probation Department deems necessary (by a psychiatrist who has not previously examined any of the parties). Further, in view of the fact that the children are now more mature, we feel that the court may be aided in reaching its determination by obtaining their input with respect to visitation. The counsel fees awarded constituted a proper exercise of Special Term's discretion. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.