■ EVELYN KATZ, Respondent, v SHELDON KATZ, Appellant. — In a matrimonial action, defendant husband appeals from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Seidell, J.), dated May 18, 1982, which, *inter alia,* after a nonjury trial, (1) denied defendant visitation with the infant child of the marriage; and (2) divided defendant's stock brokerage account equally between the parties. Judgment modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof, and (2) deleting the ninth decretal paragraph thereof and substituting therefor a provision awarding the stock brokerage account to defendant. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for a hearing and new determination with respect to visitation between defendant and his daughter. The hearing shall be conducted with all convenient speed before a Justice other than the one who presided at the trial. The trial court erred in denying defendant husband visitation with the infant child of the marriage. Denial of visitation rights to a natural parent is a drastic remedy which should only be invoked for compelling reasons, and only when there is a substantial evidence that visitation would be detrimental to the child (see *Parker v Ford,* 89 AD2d 806; *Chirumbolo v Chirumbolo,* 75 AD2d 992; *Farhi v Farhi,* 64 AD2d 840; *Hotze v Hotze,* 57 AD2d 85, 87, mot for lv to app den 42 NY2d 805; *People ex rel. Sanger v Sanger,* 55 AD2d 578, 579; *Herb v Herb,* 8 AD2d 419). "In the absence of a 'pressing concern' and proof that visitation is 'inimical to the welfare of the children', the parent to whom custody is not awarded must be granted reasonable visitation privileges" (*Quinn v Quinn,* 87 AD2d 643; see, also, *Petraglia v Petraglia,* 56 AD2d 923). In the case at bar, the evidence is insufficient to show that visitation would be detrimental to the child. Although defendant abused plaintiff wife in the presence of the child, the only incident directly affecting the child was when defendant threw a television set on the floor when his daughter disobeyed him. Accordingly, the judgment must be modified by striking the provision which denied defendant visitation rights and the matter must be remitted to Special Term for a hearing on the issue of visitation. Since there is evidence in the record which indicates that defendant has emotional and mental problems, he should be directed to undergo a psychiatric examination. Further, any visitation privileges granted to defendant should be limited and take place only under supervised and carefully controlled conditions in a neutral environment where there will be no risk of harm to the child (see *Rubin v Rubin,* 95 AD2d 851; *Schlessel v Schlessel,* 75 AD2d 869; *O'Neill v O'Neill,* 60 AD2d 571, app dsmd 46 NY2d 1057; *Miriam R. v Arthur D. R.,* 85 AD2d 624; *Goldring v Goldring,* 73 AD2d 955, 957). The trial court also erred when it divided defendant's stock brokerage account equally between the parties. The record indicates that the brokerage account was opened by defendant with the proceeds of a certificate of deposit which had already been awarded to him. Accordingly, the judgment should be modified by striking the provision which divided defendant's stock brokerage account equally between the parties and by substituting therefor a provision awarding the stock brokerage account to defendant. We have reviewed defendant's remaining contentions and find them to be without merit. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.