■ LAURA MARR, Appellant, v DONALD MARR, Respondent. —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered December 28, 1990 in Albany County, which, *inter alia,* partially granted plaintiff's motion for certain pendente lite relief.

After nine years of marriage, plaintiff commenced an action against defendant for divorce based on cruel and inhuman treatment. With defendant's consent, Supreme Court awarded plaintiff pendente lite relief in the following respects: residential care and supervision of the parties' two children, child

support in the amount of $230 per week, exclusive use and possession of the marital residence, health and dental insurance for herself and the children, and payment by defendant of 100% of the children's uninsured medical and dental expenses. Supreme Court also awarded plaintiff $100 per week in temporary maintenance. Defendant was granted visitation, the right to take the children as dependency exemptions, and access to the marital residence to remove his personal belongings and to have the residence and contents thereof appraised. Plaintiff appeals from so much of the court's order as denied her request to have defendant pay the mortgage and utility bills on the marital residence, granted her child support in an amount less than she sought, and denied her request for interim counsel fees.

Pendente lite awards may be modified when exigent circumstances are shown, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (Suydam v Suydam, 167 AD2d 752, 753). Modification of the instant award is not, however, warranted. Plaintiff, who is in her early 30s and is in good health, receives maintenance and the full amount of statutorily calculated basic child support from defendant (see, Krantz v Krantz, 175 AD2d 863; Lenigan v Lenigan, 159 AD2d 108, 112; Domestic Relations Law § 240 [1-b] [b] [3] [ii]). Although plaintiff maintains that these payments are insufficient to support a reasonable standard of living for herself and the children, defendant disputes the amount of her actual reasonable expenses and potential earnings. The remedy, if there is any inequity here, is a prompt trial (see, Quilty v Quilty, 169 AD2d 979; Goldberger v Goldberger, 159 AD2d 923).

However, in light of plaintiff's financial need (she currently has no income or resources and had to borrow $1,500 from her grandfather to pay a retainer fee), the legal fees and costs in the amount of $1,245 already incurred on her behalf with respect to the instant motion, as set forth in her attorney's affidavit, and the parties' disparate financial situations as reflected by Supreme Court's finding that defendant's income is $47,875 while plaintiff's income is $0, we believe it was error to deny plaintiff an award of interim counsel fees (see, Wolf v Wolf, 160 AD2d 555, 556; Waldeck v Waldeck, 138 AD2d 373).

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiff's request for interim counsel fees; interim counsel fees are

awarded to plaintiff in the amount of $1,245; and, as so modified, affirmed.