■ KERMIT HUMMEL, Appellant, v JUDY HUMMEL, Respondent. [595 NYS2d 37] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered November 22, 1991, which, *inter alia,* awarded interim child visitation to the plaintiff on condition that no unrelated female spend the night at his place of residence during visitation, unanimously reversed to the extent appealed from, on the law, the facts, and in the exercise of discretion, without costs, and the above stated condition is vacated.

The parties, married in 1976, have a nine year old daughter who suffers from cerebral palsy. The parties separated in April 1991, and their daughter remained with her mother, the defendant, in the marital apartment. The plaintiff took up residence in the apartment of "Ms. G", a schoolteacher. His daughter has been visiting with him on alternate weekends since the separation, sleeping in her own room.

On June 14, 1991, plaintiff moved for interim relief to enjoin the transfer or disposition of marital assets by the defendant, to establish visitation rights, and to set plaintiff's support payments for the defendant and their daughter. As here pertinent, the defendant consented to plaintiff's proposed visitation schedule, but only on condition that plaintiff's companion, Ms. G, not be present in the place of overnight visitation. The court imposed this condition without explanation, and despite the absence of any showing that it was necessary, or even remotely indicated, with regard to the best interests of the child, which is the central and controlling consideration in granting reasonable visitation privileges *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Quinn v Quinn,* 87 AD2d 643; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036; *Petraglia v Petraglia,* 56 AD2d 923).

To the limited extent that the record reflects on this issue, it appears to this Court that Ms. G's presence during visitation is supportive and beneficial to the child, and that the unjustified condition on visitation was proposed by the defendant in order to gain a tactical advantage or to impose leverage with respect to other issues disputed by the parties. There is not even a claim that there was ever any inappropriate behavior between the plaintiff and Ms. G in the presence of the child. This Court concludes that the condition on visitation should not have been imposed, and it is accordingly vacated effective immediately. It further appears that the interests of justice will be served by an expedited trial of the matrimonial action, which is so ordered. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.