■ GAIL M. COLLEY, Respondent, v JOHN E. COLLEY, Appellant. [606 NYS2d 796] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 7, 1992 in Schenectady County, which, *inter alia,* granted plaintiff's motion for certain pendente lite relief.

The parties were married in June 1979 and have two children, Meghan (born in September 1985) and Moira (born in August 1988). Difficulties subsequently developed and, in June 1992, plaintiff commenced this action for divorce. Plaintiff thereafter moved for certain pendente lite relief including, *inter alia,* temporary sole custody of the minor children, temporary maintenance and child support and, further, the imputation to defendant of an ability to earn income commensurate with that earned by him at his previous employment. Defendant cross-moved for, *inter alia,* pendente lite custody of the children. After considering the parties' respective submissions Supreme Court, *inter alia,* ordered that (1) plaintiff would have primary physical custody of the children, pending a hearing on the matter, and defendant would be granted visitation every other weekend and one weekday per week, (2) defendant would take the children to a Catholic mass on those weekends when he had visitation with them, and (3) defendant was precluded from having the children in the company of an unrelated female during such visitations.[1] Additionally, Supreme Court fixed defendant's child support obligation at $3,659.81 per month, based upon an imputed annual income to defendant of $181,000 per year and application of the statutory percentage *(see,* Domestic Relations Law § 240 [1-b] [b] [3] [ii]); however, Supreme Court directed defendant to pay $700 per month until further order of said court, noting that the balance would accumulate as arrears. This appeal by defendant followed.

We begin our analysis of the issues before us by restating the general rule that modification of pendente lite awards rarely should be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(see, Newkirk v Newkirk,* 194 AD2d 842; *Marr v Marr,*

---

1. The latter two provisions have been stayed by this Court pending appeal.

181 AD2d 974, 975). Indeed, this Court has consistently held that the most appropriate remedy for any claimed inequity in a temporary award is a speedy trial (see, Marr v Marr, supra; see also, Gianni v Gianni, 172 AD2d 487, 488). With these principles in mind, we turn now to the specific arguments raised by defendant on appeal.

Initially, we reject defendant's assertion that Supreme Court abused its discretion in ordering that defendant refrain from having the children in the presence of an unrelated female. Both the Law Guardian and the clinical psychologist who evaluated the parties and the children stressed the need for the children to spend quality time with defendant which, the record indicates, was not occurring when defendant's paramour and her children were made part of the visitation. Inasmuch as the Law Guardian opined that it was not in the children's best interest for defendant's paramour to be involved in these visitations, which is, of course, the controlling standard in determining the reasonableness of visitation privileges, we see no reason to set aside this provision in the court's order (compare, Hummel v Hummel, 191 AD2d 296). We are similarly unpersuaded that Supreme Court abused its discretion in ordering that defendant take the children to Catholic mass on those weekends when he has visitation with them. Supreme Court's order does not impermissibly interfere with defendant's own religious practices (see, Barran v Nayyar, 174 AD2d 1012; compare, Wheeler v Wheeler, 147 AD2d 939), and there is no indication in the record that this provision is contrary to the best interest of the children (cf., Matter of Bentley v Bentley, 86 AD2d 926, 927).

We are, however, of the view that Supreme Court erred in making an award of temporary custody without first conducting an evidentiary hearing. The parties submitted conflicting affidavits, and it became apparent upon oral argument of this matter that an expeditious trial is not a realistic possibility. Under these circumstances, we are of the view that a hearing must be held to ensure that Supreme Court's pendente lite custody determination is in the best interest of the children (see, Robert C. R. v Victoria R., 143 AD2d 262, 264; Biagi v Biagi, 124 AD2d 770, 771), and we direct that such a hearing be conducted forthwith.

Supreme Court's resolution of the temporary custody issue may well render the challenges to defendant's visitation schedule and support obligation academic. To the extent, however, that Supreme Court adheres to its initial determination in this regard, it is appropriate that we address defen-

dant's arguments on these points. It is well settled that expanded visitation is generally favorable absent proof that such visitation is inimical to a child's welfare *(see, Persaud v Persaud,* 170 AD2d 763, 765; *Quinn v Quinn,* 87 AD2d 643). Here, Supreme Court failed to articulate, and we are unable to discern, a reason for limiting defendant's visitation to alternate weekends and one day during the week. As we have already observed, both the Law Guardian and the clinical psychologist recognized the importance of fostering a meaningful and nurturing relationship between the children and defendant, and expanded visitation, which defendant has actively pursued, would appear to be entirely consistent with this goal. Accordingly, we are persuaded that justice requires this matter be remitted to Supreme Court for a hearing to determine a more appropriate visitation schedule, i.e., one that, at a minimum, takes into account holiday and summer vacations *(see generally, Persaud v Persaud, supra,* at 765).

We further conclude that Supreme Court's computation of defendant's child support obligation is flawed in two material respects. First, given the sharply conflicting affidavits and statements of net worth, and considering the absence of other documentary evidence, such as tax returns, we are of the view that Supreme Court erred in imputing an annual income to defendant in the amount of $181,000. Plainly, such a determination cannot be made on the record before us and must await a hearing or trial, where all relevant evidence is before the court for consideration. Although our conclusion in this regard essentially renders academic Supreme Court's application of the statutory percentage to that portion of defendant's imputed income in excess of $80,000 *(see,* Domestic Relations Law § 240 [1-b] [c] [3]), we have previously held that "blind application of the statutory formula to the combined parental income over $80,000 without any express findings of the children's actual needs constitutes an abdication of judicial responsibility * * * and renders meaningless the statutory provision setting a cap on strict application of the formula" *(Chasin v Chasin,* 182 AD2d 862, 863). We therefore conclude that those portions of Supreme Court's order imputing defendant's annual income to be $181,000 and basing defendant's support obligation of $3,659.81 per month on said amount must be set aside and that this matter must be remitted to Supreme Court for a hearing as to the parties' respective financial resources and the actual needs of the children.[2]

---

2. In the interim, defendant shall continue to pay the agreed upon sum

Cardona, P. J., Mercure and Yesawich Jr., JJ., concur.

Mikoll, J. (concurring in part and dissenting in part). I am in general accord with the majority's statement which orders a hearing on the questions of custody, visitation and support. I take a different view regarding the imposition on defendant of a condition requiring him to take the children to Catholic mass while on weekend visitation with him. It is to be noted that defendant is a Presbyterian and that plaintiff had the children christened in the Catholic faith after the marital breakup, without defendant's knowledge or consent and that, previously, Catholic observances were not practiced by the family. In the absence of a hearing as to who is entitled to custody of the children and the concomitant resolution of the question of what religious education and practices they will be exposed to, as dictated by their best interest *(see, Stevenot v Stevenot,* 133 AD2d 820) and the First Amendment rights of the noncustodial parent *(see, Matter of Bentley v Bentley,* 86 AD2d 926), such order is premature and inappropriate.

Likewise the order imposed on defendant restricting visitation of *unrelated females* in defendant's home during the children's visitation is also overbroad and certainly premature. No such restriction as to male friends was imposed on plaintiff. The affidavits submitted on the application are sharply contradictory. The order entered was not based on any hearing and a resolution of credibility as to the relative claims as to what is in the children's best interest, the applicable standard *(compare, Linda R. v Richard E.,* 162 AD2d 48), is necessary. The judicial system should not be used to permit one litigant to gain an advantage over the other without a full hearing on the children's best interest *(see, Hummel v Hummel,* 191 AD2d 296). There have been no allegations of misbehavior related to the visits of defendant's paramour. To impose a restriction which fails to recognize the realities of a marital breakup only extends the healing process.

I would, therefore, continue our stay and order a hearing on these questions as well.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) limited defendant's visitation with the minor children to every other weekend and

---

of $700 per month to plaintiff in weekly installments as set forth in Supreme Court's order; arrears, if any, may be determined following the hearing before Supreme Court, and defendant is indeed entitled to a credit for the support he has paid voluntarily.

one weekday per week, (2) imputed an annual income to defendant in the amount of $181,000, (3) based defendant's child support obligation upon said imputed income and applied the statutory percentage in determining said support obligation, (4) directed that defendant pay plaintiff child support in the amount of $3,659.81 per month, and (5) provided for the accumulation of arrears; matter remitted to the Supreme Court for a hearing on the issue of pendente lite custody and visitation and support to be held forthwith; and, as so modified, affirmed.