■ In the Matter of RICHARD E. FEDASH, JR., Appellant, v PAULETTE R. NEILSEN, Respondent. [621 NYS2d 751] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Frawley, J.H.O.), entered February 24, 1994, which, inter alia, dismissed petitioner's applications, in a proceeding

pursuant to Family Court Act article 6, for modification of a prior order of visitation.

After the parties' divorce in 1990, petitioner was awarded sole custody of their daughter, Aslinn (who is now six years old), with respondent having regular visitation. Beginning in 1992, the parties filed petitions and cross petitions seeking modifications of the prior order: petitioner sought changes in the visitation schedule, initially to facilitate his planned relocation out of State, and later because Aslinn had become enrolled in an area Head Start program, and respondent applied for sole custody and then for joint custody during the pendency of her custody petition. Family Court found that the parties' circumstances had not changed sufficiently to warrant a change in custody, but that more extensive visitation would be in Aslinn's best interest. The court also directed petitioner to consult with respondent on matters involving Aslinn's health care, education, discipline, moral development and travel. Petitioner appeals, contending that the consultation requirement is tantamount to an award of joint legal custody, and that such an arrangement is unworkable given the parties' continued animosity toward each other. He also argues that the newly ordered visitation schedule improperly deprives him of "quality time" with his daughter and, consequently, must be overturned. We are unconvinced.

Given the parties' hostility and demonstrated inability to communicate effectively, true joint legal custody, with both parents continuing to share fully the rights and responsibilities of child rearing, would indeed be inappropriate (see, Braiman v Braiman, 44 NY2d 584, 589-590; Trapp v Trapp, 136 AD2d 178, 180-181). Family Court's directive regarding consultation does not, however, effect such an arrangement; it merely seeks to reduce or eliminate communication problems which may have affected Aslinn's well-being in the past. For example, it is readily inferable from the evidence that petitioner has, at times, not provided respondent with complete information regarding Aslinn's illnesses and medication, or with an accurate school schedule. The consultation requirement does not mandate joint decision making on these matters—as respondent notes, it does not confer decision-making authority on her, nor does it require that petitioner obtain her approval before making important decisions—but simply obligates the parties to keep each other informed and to at least consider each other's preferences and concerns, for Aslinn's benefit. This is entirely appropriate under the circumstances.

As for the visitation provisions, petitioner's contention that

he has been unfairly deprived of "quality time" with his daughter, particularly on Sundays, is not persuasive in view of the fact that the visitation schedule permits him to spend one Sunday per month with Aslinn during the school year, and at least three per month during the summer vacation. The present schedule thus obviates the problem petitioner encountered with the former arrangement, under which Aslinn spent every Sunday with her mother, while still allowing respondent liberal visitation with her daughter, which is desirable where, as here, both parents are fit and loving and the child enjoys spending time with each (see, Matter of Haran-Buckner v Buckner, 188 AD2d 705, 707; Daghir v Daghir, 82 AD2d 191, 194, affd 56 NY2d 938).

Nor does Family Court's order relegate petitioner to the status of a mere caretaker with all of the responsibilities of custody and none of the benefits (see, Cesario v Cesario, 168 AD2d 911), as he contends, for petitioner has not been deprived of all weekend interaction with his child. Moreover, Family Court addressed petitioner's concerns about specific holidays by establishing an alternating schedule for major holidays, and assuring that petitioner has visitation every year on Father's Day.

In sum, the custody and visitation order, which reflects Family Court's careful evaluation of the testimony and other record evidence and comports with the Law Guardian's recommendations, appears well-tailored to serving Aslinn's best interest (see, e.g., Colley v Colley, 200 AD2d 839, 840; Matter of McGreevy v McGreevy, 92 AD2d 1077, 1078, lv denied 60 NY2d 553).

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.