■ ANONYMOUS, Appellant, v ANONYMOUS, Respondent. [734 NYS2d 115] —Order, Supreme Court, New York County (Judith Gische, J.), entered May 21, 2001, which, in an action for divorce, to the extent appealed from as limited by the brief, granted defendant's motion to restrain plaintiff from permitting his female friend from entering the mayoral residence or its grounds to attend public functions while the parties' children continue to reside there, affirmed, without costs or disbursements.

The order was properly granted as necessary to avoid the risk of an accidental first meeting between the children and plaintiff's friend, which admittedly would be harmful to the children's emotional well-being and otherwise not in their best interests (*cf., Hummel v Hummel*, 191 AD2d 296). The record supports defendant's assertion that at least insofar as the children are concerned, the residence had never been divided into distinct "public" and "private" zones. The children's free access

to all of the areas of the residence should not be presently curtailed in an effort to lessen the risk of an accidental meeting and accommodate plaintiff's desire for companionship at public functions in the residence. We reject plaintiff's argument, apparently adopted by the dissent, that the separation of powers doctrine precludes the courts from ruling upon who may attend public events in the mayoral residence. It can scarcely be contended that the invitations the Mayor seeks to extend to his friend are "lawful acts of executive branch officials, performed in satisfaction of responsibilities conferred by law." (*Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 239.) The issue before us arises in the context of a matrimonial action and plaintiff's desire for his friend's presence at public functions is clearly personal in nature. Her judicially mandated absence in furtherance of the children's best interests can have no effect on plaintiff's ability to perform official duties (*cf., Matter of Green v Giuliani*, 187 Misc 2d 138, 147-148). We have considered plaintiff's other arguments and find them unavailing. Concur— Sullivan, P. J., Ellerin and Wallach, JJ.

Rubin and Buckley, JJ., dissent in a memorandum by Buckley, J., as follows:

Buckley, J. (dissenting). Based on the findings made by the IAS court, the order barring plaintiff from permitting his female friend from entering the mayoral residence to attend public functions at the mayoral residence was overbroad. Public events are held in nonresidential areas of the mayoral mansion and by invitation only.

The IAS court does not have the authority to dictate to a Mayor who can attend public events in the public areas of the Mansion, which is a public facility, except for the area denominated as the private living quarters. Accordingly, we cannot and should not tell the Mayor whom to invite or not invite to a public function.

Defendant has previously and effectively forbidden the 11- and 15-year-old children from being present at public functions when she so desired. There is no evidence in this record why she could not continue to do so.

The IAS court found that plaintiff had a compelling reason for wanting his friend present at public events. In this context, restraining plaintiff from inviting his friend to public functions based on the potential for a chance meeting between her and the children was an improvident exercise of discretion since it ignores the demonstrated ability of defendant to easily prevent such a feared meeting. The exposure of children to a parent's

romantic relationships is not presumed to be a traumatic harm (*see, Matter of Feldman v Feldman*, 45 AD2d 320, 324; *Matter of Austin v Austin*, 65 AD2d 903, 904; *Matter of McDonald v McDonald*, 94 AD2d 856).

Of course, an "accidental" meeting between the children and plaintiff's friend can happen at any time and in any place, but that would not justify the issuance of an order of protection against her. Where, as here, such exposure can be controlled by simple conduct of the parties, there is an inadequate basis for a restraint on otherwise legal conduct.

For these reasons, while the IAS court could properly enjoin plaintiff from permitting his friend access to the marital home, there is no reason why he cannot invite her to public events, on reasonable notice to defendant and under such conditions as the children continue to be prevented by defendant from attending those events.