Allen v Allen (2023 NY Slip Op 06588)

Allen v Allen

2023 NY Slip Op 06588

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 365136/21 Appeal No. 1281 Case No. 2023-03175 

[*1]Susan Allen, Plaintiff-Respondent,
v
Jeffrey Allen, Defendant-Appellant.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.
Teitler & Teitler, LLP, New York (John M. Teitler of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about December 21, 2022, which, to the extent appealed from as limited by the briefs, ordered defendant husband not to de-Kosher the family homes and prohibited the parties from having romantic partners in the homes, unanimously modified, on the facts, to the extent of vacating the provision prohibiting the parties from having romantic partners in the residences, and otherwise affirmed, without costs.
Under the circumstances presented, the court did not run afoul of the Constitution by ordering the husband to maintain the 20-year status quo and not de-Kosher the parties' homes during the pendency of the action. Contrary to his argument, the husband is not being impermissibly required to practice a particular religion or adhere to a particular religion in the home or being precluded from expressing himself and living freely (see Colley v Colley, 200 AD2d 839, 840 [3d Dept 1994]; cf. Weisberger v Weisberger, 154 AD3d 41, 53-54 [2d Dept 2017]).
However, it was an improvident exercise of the court's discretion to preclude the parties from bringing romantic partners to the marital residences. While under Domestic Relations Law § 234, the court has some discretion to make orders regarding possession of property under the circumstances of each case, nothing in the record demonstrates that the presence of the husband's romantic partner at one of the marital residences in any way impacted plaintiff wife's safety. A party going through a divorce has "a right to develop his or her interests or personal life" (Rosenberg v Rosenberg, 126 AD2d 537, 540-541 [2d Dept 1987]). At most, the interactions with the romantic partner, which by all accounts were civil, made the wife uncomfortable, and discomfort is an insufficient basis to exclude an otherwise non-problem-causing party, particularly where children are not involved.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023