■ JOAN BENJAMIN, Respondent, v FRANK BENJAMIN, Appellant.—In a support proceeding, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Campbell, J.), entered November 29, 1983, as dismissed his application, insofar as it was for modification of so much of an order of the same court dated September 20, 1982 as failed to grant him visitation with his minor children.

Order reversed, insofar as appealed from, without costs or disbursements, application granted to the extent that petitioner shall have supervised visitation with his minor children and matter remitted to the Family Court, Suffolk County, to set the dates, times and place of visitation and the method by which it may be accomplished.

The parties were married in 1962 and have three children, now aged 21, 16 and 11. The parties separated in 1982. The father spent several months in psychiatric institutions from October 1982 through January 1983. Since then the father has lived in an adult home.

The mother obtained an order of support from the Family Court dated September 20, 1982. The father sought modification of this order, *inter alia,* to grant him visitation rights with the children. A court-ordered psychiatric evaluation was

made of the parties and the two younger children. In addition, the father and the two younger children were interviewed in camera by a Family Court Judge.

The psychiatric evaluation stated that there was "no contra-indication for brief, supervised visits" by the father with the children, but noted that the children made it clear that they did not want to visit with him. The children told the staff psychiatrist that the father had acted strangely when they all lived together, and had taken them to picket abortion clinics, which the children did not like to do.

Both minor children interviewed in camera by the Family Court Judge (visitation with the oldest child is not in issue) told the Judge that the father had frightened them by playing audio tapes with strange and frightening sounds. However, the only other reasons the children gave for not wanting to visit the father related to his picketing of abortion clinics and his sprinkling of holy water around the family home.

The Family Court Judge denied visitation to the father, holding that it would be of no benefit to the children.

Despite the objections of the children, the facts do not warrant completely depriving the father of visitation. The matter is remitted to the Family Court to establish the date, times, and places of supervised visitation, and the method by which it may be accomplished. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.