■ In the Matter of ERIC L., Appellant, v DOROTHY L., Respondent.—In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Richmond County (Schecter, J.), dated August 27, 1985, which, after a hearing, dismissed his petition for supervised visitation with the three children of the parties' former marriage.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Richmond County, to determine the terms and conditions of the petitioner's supervised visitation with the two minor children.

Pursuant to the terms of a stipulation incorporated into their 1982 judgment of divorce, the respondent mother received custody of the parties' three children while the petitioner father retained visitation privileges. Prior to the divorce, the petitioner began to suffer from depression and in 1981 was briefly hospitalized twice on a voluntary basis. Shortly after the divorce he was placed on disability retirement status by the New York City Board of Education, for whom he had served as a teacher since 1961. In 1983 the petitioner was reinstated and is currently a high school English teacher. Since the divorce, he has visited with his children only once. By order of the Family Court, New York County (Meyer, J.), dated February 15, 1984, an earlier petition brought by the appellant for enforcement of the visitation provisions incorporated into the divorce judgment was denied.

In February 1985 the appellant brought the instant petition requesting supervised visitation with the parties' children. Following a hearing conducted on August 27, 1985, the Family Court denied the petitioner's application primarily upon the ground that the children opposed it. The court noted that the petitioner's mental health had improved considerably since the denial of his earlier application, and found that the children's fears, reinforced by the respondent, were largely the result of their memories of petitioner when he was in the worst phases of his illness. Moreover, there was no finding that the petitioner posed a physical threat to his children nor was there evidence that visitation would be harmful to their emotional health.

It is well settled that a noncustodial parent should have reasonable rights of visitation, and that the denial of those rights is so drastic it must be based upon substantial evidence that visitation would be detrimental to the welfare of the

child (see, Weiss v Weiss, 52 NY2d 170; Bubbins v Bubbins, 114 AD2d 346; Janousek v Janousek, 108 AD2d 782; Quinn v Quinn, 87 AD2d 643; Hotze v Hotze, 57 AD2d 85, lv denied 42 NY2d 805). The order of the Family Court is reversed since it is not based on such substantial evidence. While there was testimony that the petitioner remained preoccupied with his own problems and rights, there was no specific finding that his conduct would be detrimental to the children's welfare (see, Parker v Ford, 89 AD2d 806). Furthermore, although the wishes of the children should be given considerable weight, visitation should not be denied solely on that basis (see, Sturm v Lyding, 96 AD2d 731; Mahler v Mahler, 72 AD2d 739; Matter of De Biase v Scheinberg, 47 AD2d 657). The record indicates that the court was overly sensitive to the expressed wishes of the two younger children and that the total denial of visitation was unwarranted.

Supervised visitation, as requested by petitioner, is in order. However, the oldest child is now over 18 and no longer subject to an order directing visitation (Family Ct Act §§ 119, 651). The matter is therefore remitted to the Family Court where the terms and conditions of supervised visitation with the two younger children shall be determined. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.