■ IRENE BUBBINS, Respondent, v HARRY BUBBINS, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated January 11, 1982, the defendant father appeals from an order of the Supreme Court, Westchester County (Martin, J.), dated December 17, 1986, which, after a hearing, terminated his visitation rights with the parties' two eldest children and terminated his obligation to pay child support to the plaintiff mother.

Ordered that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new hearing and determination in accordance herewith.

Although the evidence adduced at the hearing conducted pursuant to a prior order of this court (see, Bubbins v Bubbins, 114 AD2d 346) indicates that both parties have engaged in conduct antithetical to the best interest of their children, we find that the Supreme Court's order denying the defendant his visitation rights with the parties' two eldest children and terminating his obligation to pay child support to the plaintiff was a drastic and inappropriate remedy given the facts of this case. As we noted in the parties' prior appeal: "The denial of visitation rights to a natural parent is such a drastic remedy that it should only be considered when there is substantial evidence that visitation would be detrimental to the welfare of the child (see, Janousek v Janousek, 108 AD2d 782; Katz v Katz, 97 AD2d 398; Parker v Parker, 89 AD2d 806; Hotze v Hotze, 57 AD2d 85, lv denied 42 NY2d 805)" (Bubbins v Bubbins, supra, at 348).

There is insufficient evidence in the record before this court to establish that visitation with the defendant was detrimental to the welfare of the parties' two eldest children. Although the children indicated that they did not wish to continue visitation with the defendant, their expressed wishes should not be viewed as decisive, particularly in light of evidence indicating that the children's feelings were fostered by the plaintiff's hostility towards the defendant (see, Matter of Lincoln v Lincoln, 24 NY2d 270; Hotze v Hotze, 57 AD2d 85, lv denied 42 NY2d 805, supra). Therefore, we are remitting the matter to the Supreme Court for a hearing to determine an appropriate schedule of visitation by the defendant with the

parties' two eldest children. We note that in view of the obvious deep-rooted hostility between the parties and its harmful effects upon their children, the entire family would benefit from and should submit to family counselling or another appropriate form of therapy. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.