■ In the Matter of LINDA HUGHES, Appellant, v JAMES WIEGMAN, Respondent.—In a proceeding pursuant to Family Court Act article 6 in which the petitioner seeks visitation with her three children, the petitioner appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered April 27, 1987, which, after a hearing, dismissed the petition.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof which dismissed those branches of the petition which were for visitation with 2 of the 3 children, namely, Marnie and Tara, and substituting therefor provisions granting those branches of the petition; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith to determine the terms and conditions of the petitioner's visitation with her children Marnie and Tara.

The parties were married on September 25, 1967 and divorced by judgment dated April 27, 1981. Three daughters were born of their marriage—Kerry Ann, who was 18 years old at the time the order appealed from was entered and is now 21 years old; Marnie, who is now 17; and Tara, who is now 15. As a result of prior litigation, the visitation rights of the petitioner were suspended on December 14, 1983.

The Family Court can only direct visitation of minor children (see, Family Ct Act § 651). Under the Family Court Act, a "minor" is defined as "a person who has not attained the age of eighteen years" (Family Ct Act § 119 [c]). Since Kerry is now 21 years of age, we decline to review the determination denying the petitioner's request for visitation with her. "It is well settled that a noncustodial parent should have reasonable rights of visitation, and that the denial of those rights is so drastic it must be based upon substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Eric L. v Dorothy L.,* 130 AD2d 660; *see also, Matter of Thomas S. v Kathleen Z.,* 149 AD2d 599; *Bubbins v Bubbins,*

136 AD2d 672; *Janousek v Janousek,* 108 AD2d 782; *Katz v Katz,* 97 AD2d 398; *Parker v Ford,* 89 AD2d 806).

During the hearing, the petitioner's daughters stated that they did not wish to have visitation with her. However, their expressed wishes are not determinative *(see, e.g., Benjamin v Benjamin,* 114 AD2d 395) in view of the importance of the rights of the noncustodial parent. Our review of this record reveals that the denial of visitation with Marnie and Tara was not supported by substantial evidence indicating that the petitioner posed a physical threat to the children or that visitation would be harmful to their emotional health *(see, Matter of Eric L. v Dorothy L., supra).* Indeed, the two psychiatrists and the psychologist on the impartial forensic team all testified that (1) the petitioner was not a threat to the children, and (2) all parties should undergo therapy with a view toward encouraging visitation with the petitioner. Dr. Nilson, the psychologist, was of the opinion that visitation should take place after a period of time in therapy and that Tara could benefit from visitation if her sisters did not interfere. Dr. Brandt, a psychiatrist who was the director of the team which evaluated the parties and the children, testified that, in his opinion, Marnie could be persuaded to consent to visitation, that the children could benefit from visitation if the petitioner demonstrated stability and sobriety, and that lack of visitation could be detrimental to the children's personality development and emotional health and, in the future, could affect the children's relationship with their own children. Dr. Brandt recommended visitation at least once a week coupled with therapy for the adults involved.

In view of this uncontradicted expert testimony and the lack of substantial evidence that visitation would be detrimental to the welfare of the children, we modify the determination of the Family Court to the extent of directing that a plan of conditional visitation, preceded or coupled with a program of therapy and/or counseling under the court's direction and supervision, be promulgated by the Family Court with regard to Marnie, Tara, and the children's parents and stepmother, with a goal toward the petitioner gradually resuming full visitation rights *(see, Resnick v Zoldan,* 134 AD2d 246; *Wostl v Wostl,* 75 AD2d 1013, 1014, *appeal dismissed* 52 NY2d 787; *Matter of Doe v Doe,* 86 Misc 2d 194). Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.