■ In the Matter of RONALD ACKER, Appellant, v MARY ACKER, Respondent. [623 NYS2d 34] —Order unanimously reversed on the law without costs, petition granted and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in denying petitioner visitation with his three children. "The denial of visitation to a noncustodial parent constitutes such a drastic remedy that it should be ordered only when there are compelling reasons, and there must be substantial evidence that such visitation is detrimental to the children's welfare" *(Vasile v Vasile,* 116 AD2d 1021). The record shows that petitioner was not consistent in adhering to the original visitation schedule and that his inconsistency upset the oldest child. That evidence does not warrant the drastic remedy of denying all visitation between petitioner and the children *(see, Matter of Eric L. v Dorothy L.,* 130 AD2d 660). In light of the time that has elapsed since the suspension of visitation, petitioner's past inconsistency with the visitation schedule, the oldest child's apprehension about seeing petitioner and the recommendations of the Law Guardians and the Forensic Mental Health Service, we conclude that the best interests of the children would be served by supervised visitation at a neutral site *(see, Fuerst v Fuerst,* 131 AD2d 426, 427; *Rubin v Rubin,* 95 AD2d 851, *appeal dismissed* 60 NY2d 964). Therefore, we remit the matter to Erie County Family Court for a determination of the terms and conditions of supervised visitation with the three children *(see, Matter of Eric L. v Dorothy*

*L., supra).* (Appeal from Order of Erie County Family Court, O'Donnell, J.—Visitation.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.