■ In the Matter of CARLOS LOZADA, Appellant, v FRANCES PINTO, Respondent. [776 NYS2d 860]—In a proceeding pursuant to Family Court Act article 6, in which the father alleged a violation of his visitation rights, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Fitzmaurice, J.), dated January 11, 2002, as, in effect, vacated two orders of the Family Court, Queens County (Friedman, J.), both dated December 4, 1997, which, inter alia, awarded him visitation rights with two of his children, Carlos and Frank.

Ordered that the appeal from so much of the order as relates to Carlos is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Family Court can direct visitation only with minor children, who are defined under the Family Court Act as "person[s] who [have] not attained the age of eighteen years" (Family Ct Act § 119 [c]; § 651). Since Carlos is now over the age of 18, he is no longer subject to an order directing visitation (*see Jabri v Jabri*, 193 AD2d 782, 784 [1993]; *Matter of Hughes v Wiegman*, 150 AD2d 449 [1989]; *Matter of Eric L. v Dorothy L.*, 130 AD2d 660, 661 [1987]). Thus, the appeal from so much of the order as relates to Carlos must be dismissed as academic.

The Family Court properly determined that under the circumstances, visitation with the father, who is incarcerated, would not be in Frank's best interests (*see Matter of Davis v Davis*, 232 AD2d 773 [1996]; *Matter of Simpson v Finnigan*, 202 AD2d 592, 593 [1994]; *Matter of Patsy M.C. v Lorna W.C.*, 165 AD2d 813 [1990]).

The father's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.