Lawrence F.D. v Anne Marie A. (2006 NY Slip Op 50612(U))

[*1]

Lawrence F.D. v Anne Marie A.

2006 NY Slip Op 50612(U) [11 Misc 3d 1078(A)]

Decided on April 12, 2006

Family Court, Albany County

Duggan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2006

Family Court, Albany County
Lawrence F.D., Petitioner,
against
Anne Marie A., Respondent.
V-67XX24-01/06F

For Petitioner: Kristie H. Hanson, Esq.
For Respondent: Paul W. Van Ryn, Esq.
Law Guardian: James G. McSparron, Esq.

W. Dennis Duggan, J.
The issue before the Court is whether parents may, by their consent, confer subject matter jurisdiction on Family Court over custodial issues concerning their mentally disabled child after he turns eighteen. The Court finds they may not.
The matter before the Court is the Mother's motion to dismiss the Father's petition alleging a violation of his parenting time rights under the custody order. The child who is the subject of the petition turned eighteen two weeks before the Father filed his petition. However, two months before the child turned eighteen, the parents agreed in court to allow Family Court to hear custodial issues after the child turned eighteen.
The parent's child is mentally disabled and has an emotional age of a young child. This fact provided one motivation for the parents to attempt to maintain Family Court as a convenient legal forum to resolve parental responsibility disputes once their son turned eighteen. Another consideration was that these parents have been involved in a highly conflicted parental relationship for many years. They have been litigating custodial issues concerning this son in Family Court since February 1995, and they did not want to start over in a new forum. Two months before the child turned eighteen, the parents agreed to a change in the custody order. Included in that order was a request by the parents that jurisdiction for this case remain in Family Court after the child's eighteenth birthday. The Father's violation petition now brings that issue to a head.
In this case, the Father has filed a petition alleging that the Mother violated the order by denying him his access to the child. The major portion of the Father's violation allegations take place after the child's eighteenth birthday. While the Father can make a valid claim that there [*2]was a violation between the date of the last court order and the date of the child's eighteenth birthday, a period of about six weeks, these allegations relate only to denied phone calls with his son. Under all of the circumstances, no purpose could be served in allowing the Father to pursue these claims alone.
Family Court is a court of limited jurisdiction. FCA §651(b) gives the Family Court jurisdiction over custody and visitation of "minors." FCA §119 defines a minor as "a person who has not attained the age of eighteen years." Indeed, such a person is an adult. There is no statute which gives Family Court jurisdiction over issues of custody or visitation of a child who is over the age of eighteen. The law is clear that a court may not assume, nor may litigants confer, jurisdiction on a court which the law has not given it in the first place. "No agreement, waiver or stipulation could confer upon ... [a] court ...jurisdiction which it does not and cannot possess." (Newham v. Chili Exploration Company, 232 NY 37; Consford v. Consford, 271 AD2d 106, 110). "Jurisdiction of the subject matter cannot be conferred on the court even by stipulation of the parties." (Siegel, New York Practice, 4th ed., p. 11., citing Robinson v. Oceanic Steam Navigation Co., 112 NY 315, 324 [1899], emphasis added.)
 Both the Legislature and the courts have been clear that Family Court's jurisdiction is limited to minors. (Eric L. v. Dorothy L., 130 AD2d 660; Simpson v. Finnegan, 202 AD2d 592). If the parents disagree about the care of their child and if their child is incompetent due to his disability, the proper way to address the issue is to file for guardianship in the appropriate court. There are provisions in the Mental Hygiene Law (Article 81) which give the Supreme, County and Surrogate Courts jurisdiction over the guardianship of a disabled person (MHL §§81.01 - 81.43 ).
The fact that the parents agreed to permit Family Court to have continuing jurisdiction over their now adult child was, unfortunately, a mistake. The fact that the adult child is mentally and emotionally still a juvenile is of much practical significance to the parents but of no legal significance to the outcome of this case. The parents cannot give this Court jurisdiction where it does not have it to begin with nor may Family Court assume jurisdiction that the Legislature has not given it.
Accordingly, the Mother's motion to dismiss the Father's petition for violation of the custody order is granted. This constitutes the decision and order of the Court.
ENTERED
DATED: April 12, 2006 /W. Dennis Duggan
 W. Dennis Duggan, J.F.C.
Entered in the Office of the Clerk
of the Family Court, State of New
York, County of Albany on
April 12, 2006
David B. Cardona, Chief Clerk
By: Lisa McNulty Courtt Clerk
[*3]