■ JOHN McGRATH, Appellant, v CHERYL D'ANGIO-McGRATH, Respondent. [839 NYS2d 537]—

In a matrimonial action in which the parties were divorced by judgment entered December 16, 2004, the father appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated October 28, 2005, which, inter alia, denied those branches of his three motions which were to vacate the provision of the judgment suspending his visitation with the parties' children.

Ordered that the appeal from so much of the order as denied those branches of the father's three motions which were (1) to vacate the provisions of the judgment entered December 16, 2004, other than the provision suspending his visitation with the parties' children, (2) for leave to renew and reargue his prior motion for leave to reconsider a decision of the same court dated July 22, 2004, (3) for leave to renew and reargue his prior motion, inter alia, to vacate certain pretrial and trial rulings of the Supreme Court, Suffolk County, which was determined in an order of the same court dated January 24, 2005, and (4) to change the custody of the parties' children from the sole custody of the mother to either joint custody or the sole custody of the father, is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the father's three motions which were to vacate the provision of the judgment suspending his visitation with the parties' children and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The arguments propounded by the father on appeal, other than the one addressed to that branch of his second motion which was to punish the wife and her attorney for contempt, concern issues that the father could have raised on his prior appeal from the judgment. The prior appeal was dismissed by decision and order on motion of this Court dated September 12, 2005, for the father's failure to perfect his appeal in accordance with the rules of this Court. The dismissal of that appeal consti-

tuted an adjudication on the merits with respect to all issues which could have been reviewed therein, and we decline to review the same issues on this appeal, except for the issue involving the suspension of the father's visitation with the parties' children, which we reach in the interest of justice in the exercise of our discretion (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]; *Tri-State Sol-Aire Corp. v Martin Assoc.*, 7 AD3d 514, 515 [2004]).

When adjudicating visitation rights, the court's first concern is "the welfare and the interests of the children" (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Klutchko v Baron*, 1 AD3d 400, 405 [2003]). "Visitation is a joint right of the noncustodial parent and of the child" (*Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *see Matter of Thomas S. v Kathleen Z.*, 149 AD2d 599 [1989]), and the denial of that right "is so drastic it must be based upon substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Eric L. v Dorothy L.*, 130 AD2d 660, 660-661 [1987]; *see Klutchko v Baron, supra; Matter of Hughes v Wiegman*, 150 AD2d 449 [1989]; *Janousek v Janousek*, 108 AD2d 782, 784 [1985]).

The Supreme Court erred in denying the father visitation with his children based largely on the father's failure to comply with orders directing him to hire a law guardian and submit to and pay for a forensic evaluation. Certainly, supervised visitation could have been ordered, rather than the imposition a complete suspension of visitation that has continued now for more than two years.

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for the immediate establishment of a schedule of reasonable visitation between the father and the parties' children.

The father's remaining contention is without merit. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.