■ THIERRY LEW, Respondent, v DOROTHY LEW, Appellant. [846 NYS2d 254]—In an action for a divorce and ancillary relief, the defendant appeals, by permission, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Diamond, J.), dated November 13, 2006, as, after a hearing, granted that branch of the plaintiff's application which was for increased visitation with the subject child, and (2) an order of the same court dated December 13, 2006, as, after a hearing, denied that branch of her motion which was to suspend the plaintiff's visitation with the subject child, or, in the alternative, to require that any such visitation be supervised. By decisions and orders on motions of this Court dated December 5, 2006, and January 10, 2007, respectively, inter alia, enforcement of the orders appealed from was stayed pending the hearing and determination of the appeals.

Ordered that the order dated November 13, 2006 is modified, on the law and in the exercise of discretion, by deleting the provision thereof setting forth a schedule for increased visitation and substituting therefor a provision setting forth a visitation schedule as follows:

"(A) alternate Sundays, commencing December 10, 2006, 10:00 A.M. to 7:00 P.M.;

"(B) every Wednesday 3:00 P.M. to 7:00 P.M.;

"(C) every Friday 5:00 P.M. to 7:30 P.M." as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 13, 2006 is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion

which was to require that the plaintiff's visitation with the child be supervised and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"When adjudicating visitation rights, the court's first concern is 'the welfare and the interests of the children' " (*McGrath v D'Angio-McGrath*, 42 AD3d 440, 441 [2007], quoting *Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]). Here, at the present time, supervised visitation between the plaintiff and the subject child is in the child's best interest. Pending final resolution, we deem it appropriate that the parties abide by the visitation schedule set forth herein.

We note that our determination is based upon a very limited record and should not be construed as suggesting any particular outcome nor should it influence the Supreme Court's adjudication of any issues relating to visitation made upon a complete record after a full hearing or trial, including whether visitation should be supervised. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.