Appeals by the father from (1) an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated December 1, 2015, and (2) an order of that court dated September 28, 2016. The order dated December 1, 2015, after a hearing, denied the father’s petition for a one-time visit with the subject children. The order dated September 28, 2016, insofar as appealed from, in effect, upon reargument, adhered to the determination made in the order dated December 1, 2015.
 

 Ordered that the order dated December 1, 2015, is reversed, on the law, without costs or disbursements, the father’s petition for a one-time visit with the subject children is granted, the order dated September 28, 2016, is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith; and it is further,
 

 Ordered that the appeal from the order dated September 28, 2016, made, in effect, upon reargument, is dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the order dated December 1, 2015.
 

 The father commenced this proceeding pursuant to Family Court Act article 6, seeking a one-time visit with his three children. In an order dated December 1, 2015, made after a hearing, the Family Court denied the father’s petition. The father appeals.
 

 When adjudicating visitation rights, the court’s first concern is “the welfare and the interests of the children” (Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]; see McGrath v D’Angio-McGrath, 42 AD3d 440, 441 [2007]). “Visitation is a joint right of the noncustodial parent and of the child” (Weiss v Weiss, 52 NY2d 170, 175 [1981]; see McGrath v D’Angio-McGrath, 42 AD3d at 441), and the “denial of visitation rights to a natural parent is such a drastic remedy that it should only be considered when there is substantial evidence that visitation would be detrimental to the welfare of the child” (Bubbins v Bubbins, 136 AD2d 672, 672 [1988] [internal quotation marks omitted]). In fact, visitation with a noncustodial parent is presumed to be in the best interests of the child, although the presumption may be overcome “upon a showing, by a preponderance of the evidence, that visitation would be harmful to the child’s welfare or not in the child’s best interests” (Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; see Matter of Granger v Misercola, 21 NY3d 86, 90 [2013]; Matter of Torres v Pascuzzi-Corniel, 125 AD3d 675, 675-676 [2015]).
 

 Here, prior to the hearing on the father’s petition seeking a one-time visit with his three children, the Family Court ordered the mother to produce the children for three supervised visits with the father. The mother failed to comply. Thereafter, the father testified at the hearing that he loved the children and wanted to visit with them and engage in age-appropriate activities, such as taking them to the park or the library. The mother failed to appear at the hearing to oppose the father’s petition. The attorney for the children would not take a position, because she had not had contact with the children or their mother for over a year. Under the circumstances, the court should have granted the father’s petition (see Guy v Guy, 147 AD3d 1305 [2017]).
 

 Accordingly, we remit the matter to the Family Court, Kings County, for further proceedings, including scheduling a visit between the father and the parties’ children, and for a determination of whether said visit should be supervised.
 

 The father’s remaining contention need not be addressed in light of our determination.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.