■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM McNEIL, Appellant. [61 NYS3d 900]—

Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Robert Stolz, J. at plea and sentencing), rendered July 17, 2013, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant did not preserve his argument that a photo array was unduly suggestive because he was allegedly the only person in the array not looking at the camera and because his image allegedly appeared "15 to 20%" larger than those of the fillers, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant, like the fillers in the photo array, was looking straight ahead and any difference in the photographs was not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Moreover, although suggestiveness does not turn solely on this factor (*People v Perkins*, 28 NY3d 432 [2016]), we note that the alleged deficiencies in the photo array had nothing to do with the description that had been provided by the identifying witness. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.

■ In the Matter of VICTOR M.N. III, Appellant, v NORMA G.C., Respondent. [61 NYS3d 900]—

Appeal from order, Family Court, Bronx County (Annette Louise Guarino, Ref.), entered on or about August 30, 2016, which modified a visitation order, unanimously dismissed, without costs, and assigned counsel's motion to withdraw granted.

We have reviewed the record and agree with assigned counsel that there are no viable arguments to be raised on appeal (*Matter of Weems v Administration for Children's Servs.*, 73 AD3d 617 [1st Dept 2010]). The parties' child has turned 18 and thus is no longer subject to Family Court's visitation order (*see* Family Ct Act § 651 [b]; *Matter of Lozada v Pinto*, 7 AD3d 801 [2d Dept 2004]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.