Matter of Parris v Wright (2019 NY Slip Op 01602)





Matter of Parris v Wright


2019 NY Slip Op 01602


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-06061
 (Docket Nos. V-156-14, V-158-14, V-159-14)

[*1]In the Matter of Laquanda Parris, respondent,
v
Isaac Wright, appellant. (Proceeding No. 1)
In the Matter of Isaac Wright, appellant,
v
Laquanda Parris, respondent. (Proceeding No. 2)


Giovanni Fernandez Harswick, New Rochelle, NY, for appellant.
Pace Women's Justice Center, White Plains, NY (Laurie C. Epstein and Bryan Cave LLP [Eric Rieder and Matias Ricardo Manzano] of counsel), for respondent.
Stephen Kolnik, Yonkers, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), dated April 4, 2017. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition for parental access with the parties' children.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new hearing, with all convenient speed, on the father's petition and a new determination thereafter.
The determination of parental access is within the sound discretion of the hearing court based upon the best interests of the child (see Matter of Lane v Lane, 68 AD3d 995, 996-997; Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775; Cashel v Cashel, 46 AD3d 501, 501). Parental access is a "joint right of the noncustodial parent and of the child" (Weiss v Weiss, 52 NY2d 170, 175; see McGrath v D'Angio-McGrath, 42 AD3d 440, 441). The denial of parental access to a natural parent is "such a drastic remedy" that it should only be considered when there is substantial evidence that parental access would be "detrimental to the welfare of the child" (Bubbins v Bubbins, 136 AD2d 672, 672 [internal quotation marks omitted]; see Matter of Dey v Minvielle, 154 AD3d 750, 751). Parental access with a noncustodial parent is presumed to be in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86, 90; Matter of Grimes v Pignalosa-Grimes, 165 AD3d 796, 797; Matter of Irizarry v Jorawar, 161 AD3d 863, 864). However, the presumption may be overcome upon a showing, by a preponderance of the evidence, that parental access would be "harmful to the child's welfare or not in the child's best interests" (Matter of Kadio v Volino, 126 AD3d 1253, 1254; see Matter of Dey v Minvielle, 154 AD3d at 751).
Here, a preponderance of the evidence failed to demonstrate that supervised parental access with the father would be harmful to the children or that the father forfeited his right to parental access. Thus, the order of the Supreme Court, in effect, denying the father's petition for parental access with the children is not supported by a sound and substantial basis in the record (see Matter of Dey v Minvielle, 154 AD3d at 751; Matter of Nixon v Ferrone, 153 AD3d 625, 627; Matter of Gonzalez v Ross, 140 AD3d 869, 872).
Moreover, to the extent the order directs counseling and/or compliance with prescribed medication as a pre-condition for the father's future parental access or re-application for parental access, the order is improper, as a court may not order counseling as a condition of future parental access or re-application for parental access (see Matter of Lane v Lane, 68 AD3d at 997; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488; Jordan v Jordan, 8 AD3d 444, 445).
Since more than a year has passed since the order was issued, a new hearing should be held on the father's petition.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court