Matter of Cuccia-Terranova v Terranova (2019 NY Slip Op 05401)





Matter of Cuccia-Terranova v Terranova


2019 NY Slip Op 05401


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-07030
 (Docket Nos. V-4768-16, V-4769-16, V-4830-16, V-4831-16, V-3684-17, V-3685-17)

[*1]In the Matter of Danielle Cuccia-Terranova, respondent, 
v
Frank Terranova, appellant.


Jill M. Zuccardy, New York, NY, for appellant.
Helene Bernstein, Brooklyn, NY, for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated May 18, 2018. The order, insofar as appealed from, limited the father's parental access on weekends to only the third weekend of every month from Saturday at 12:00 p.m. until Sunday at 12:00 p.m., did not provide for the father to have parental access on weekdays, awarded the father parental access on Christmas Day only in even years from 12:00 p.m. until 9:00 p.m. with no provision for any parental access during the Christmas holiday in odd years, directed pick up and drop off of the subject children to occur at the local police precinct station house closest to the mother's residence, directed that the father's parental access could not adversely affect the children's school, religious, or extracurricular activities, and directed that if parental access had to be cancelled by the father for any reason, he could not make up that parental access unless the parties agreed otherwise.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing that the father shall have parental access on the third weekend of every month from Saturday at 12:00 p.m. until Sunday at 12:00 p.m., and substituting therefor a provision directing that the father shall have parental access on Thursdays from release from school or, if no school, from 12:00 p.m., until 5:30 p.m., and on alternate weekends from Saturday at 10:00 a.m. to Sunday at 6:00 p.m.; (2) by deleting the provision thereof directing pick up and drop off to occur at the police precinct station house closest to the mother's residence, and substituting therefor a provision directing pick up and drop off to occur curbside at the mother's residence or such other location agreed upon by the parties; (3) by deleting the provision thereof directing that the father's parental access shall not adversely affect the school, religious, or extracurricular activities of the children; (4) by deleting the provision thereof directing that if parental access had to be cancelled by the father for any reason, he could not make up that parental access unless the parties agreed otherwise; and (5) by adding a provision thereto directing that the father is to have parental access in odd years on Christmas Eve from the earlier of 12:00 p.m. or release from school to 9:00 p.m.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The determination of parental access is within the sound discretion of the hearing court based upon the best interests of the child (see Matter of Lane v Lane, 68 AD3d 995; Matter of Sinnott-Turner v Kolba, 60 AD3d 774; Cashel v Cashel, 46 AD3d 501). Parental access is a "joint right of the noncustodial parent and of the child" (Weiss v Weiss, 52 NY2d 170, 175; see McGrath v D'Angio-McGrath, 42 AD3d 440). The denial of parental access to a natural parent is "such a drastic remedy" that it should only be considered when there is substantial evidence that parental access would be "detrimental to the welfare of the child" (Bubbins v Bubbins, 136 AD2d 672, 672 [internal quotation marks omitted]; see Matter of Dey v Minvielle, 154 AD3d 750). Parental access with a noncustodial parent is presumed to be in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86; Matter of Parris v Wright, 170 AD3d 731). However, the presumption may be overcome upon a showing, by a preponderance of the evidence, that parental access would be "harmful to the child's welfare or not in the child's best interests" (Matter of Kadio v Volino, 126 AD3d 1253, 1254; see Matter of Dey v Minvielle, 154 AD3d at 751).
We disagree with the Family Court's determination to limit the father's parental access on weekends to only the third weekend of the month from Saturday at 12:00 p.m. to Sunday at 12:00 p.m. and to not provide for the father to have parental access on weekdays. The evidence failed to demonstrate that one weekday from release from school or, if no school, from 12:00 p.m., until 5:30 p.m., and alternate weekend overnight parental access with the father would be harmful to the children or that the father forfeited his right to parental access (see Parris v Wright, 170 AD3d 731). To the contrary, the record demonstrated that the father has previously exercised weeknight and overnight alternating weekend parental access without any serious issues or concerns being raised by the mother. The mother's unsubstantiated allegations of drug and alcohol abuse by the father are insufficient to justify the court's restriction of the father's parental access. Likewise, the mother's contention that the children were very busy with activities such that establishing a fixed schedule was difficult is insufficient to support limitation of the father's parental access.
We also disagree with the Family Court directing that the pick-up and drop-off location be the police precinct station house closest to the mother's residence. There was no evidence that there had been any issues or problems during the pick ups or drop offs (cf. Matter of Errante v Murry, _____ AD3d ______, 2019 NY Slip Op 03333 [2d Dept 2019]).
The Family Court provided that on even years the father is to have parental access with the children on Christmas Day from 12:00 p.m. to 9:00 p.m., but made no provision for parental access during the Christmas holiday in odd years. This fails to take into account the importance of the children's relationship with the father and his extended family by depriving the children of contact during times usually reserved for family gatherings and recreation (see Nikolic v Ingrassia, 47 AD3d 819). Thus, we disagree with the court's determination to not provide for the father to have parental access on Christmas Eve in odd years.
Under the circumstances of this case, it was an improvident exercise of discretion to direct that the school, religious, or extracurricular activities of the children are always to take precedence over the father's parental access, particularly since the mother is permitted to unilaterally determine the children's non-school activities without prior consultation with the father, and she had asserted that the children were so busy that establishing a fixed schedule would be difficult. In this context, the provision giving primacy to other activities could result in an undue curtailment of the father's parental access. Similarly, it was an improvident exercise of discretion to preclude make- up parental access in the event that the father, or the children, were unable to participate in scheduled parental access for good cause.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court