Matter of Ejiogu v ACS-Kings (2019 NY Slip Op 07255)





Matter of Ejiogu v ACS-Kings


2019 NY Slip Op 07255


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05629 
2018-05631
2018-06316
 (Docket Nos. N-28030-16, V-3494-18, V-30405-16)

[*1]In the Matter of Samuel Ejiogu, petitioner- respondent, 
v
ACS-Kings, respondent-respondent, Zeinaba Toure, appellant. (Appeal No. 1)
In the Matter of Ninna T. (Anonymous). Administration for Children's Services, respondent; Zeinaba T. (Anonymous), appellant. (Appeal No. 2)
In the Matter of Ninna T. (Anonymous). Administration for Children's Services, respondent; Zeinaba T. (Anonymous), appellant. (Appeal No. 3, Proceeding No. 1)
In the Matter of Samuel Ejiogu, petitioner- respondent, v ACS-Kings, respondent-respondent, Zeinaba Toure, appellant. (Appeal No. 3, Proceeding No. 2)
In the Matter of Zeinaba Toure, appellant, v ACS-Kings, et al., respondents. (Appeal No. 3, Proceeding No. 3)


Mark Brandys, New York, NY, for appellant.
Larry S. Bachner, New York, NY, for Samuel Ejiogu, petitioner-respondent in Appeal No. 1 and in Appeal No. 3, Proceeding No. 2, and respondent in Appeal No. 3, Proceeding No. 3.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Scott Shorr and Daniel Matza-Brown of counsel), for Administration for Children's Services, also named herein as ACS-Kings, respondent-respondent in Appeal No. 1 and Appeal No. 3, Proceeding No. 2, and respondent in Appeal No. 2 and Appeal No. 3, Proceeding Nos. 1 and 3.
Janet E. Sabel, New York, NY (Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 10 and 6, the mother appeals from (1) an order of the Family Court, Kings County (Ilana Gruebel, J.), dated April 27, 2018, (2) an order of disposition of the same court, also dated April 27, 2018, and (3) a decision of the same court, also dated April 27, 2018. The order, after a hearing, granted the father's petition for sole legal and physical custody of the subject child and did not award parental access to the mother. The order of disposition, after a dispositional hearing and upon a fact-finding order dated February 8, 2018, finding that the mother had neglected the subject child, released the child to the custody of the father.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order and the order of disposition are affirmed, without costs or disbursements.
The mother and the father have one child in common, born in January 2013. In November 2016, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother had medically neglected the subject child by failing to treat a ringworm infection on the child's scalp, and that the mother was unable to provide the child with proper supervision and guardianship due to the mother's untreated mental illness. After a fact-finding hearing, in a fact-finding order dated February 8, 2018, the Family Court found that the mother had neglected the subject child. The father then filed a petition for sole legal and physical custody of the child, and the court held a combined dispositional hearing and hearing addressing, inter alia, the father's custody petition. After the hearing, in an order dated April 27, 2018, entered in the custody proceeding, the court granted the father's petition and did not award parental access to the mother. In a separate order, also dated April 27, 2018, entered in the neglect proceeding, the court released the child to the custody of the father. The mother appeals.
To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012[f][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691).
Here, the Family Court's determination that the mother neglected the subject child was supported by a preponderance of the evidence, which demonstrated that the child's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired as a result of the mother's mental illness (see Matter of Maurice M. [Suzanne H.], 158 AD3d at 691; Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 787-788; Matter of David L.S. [Caprice L.T.], 155 AD3d 633), and that the mother failed to supply the child with adequate medical care resulting in the impairment of the child's physical condition (see Matter of Maurice R. [Darlene R.], 157 AD3d 798, 799; cf. Matter of Ariel P. [Lisa W.], 102 AD3d 795, 796).
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). The factors to be considered in making a custody determination include "which alternative will best promote stability for the child; the home environment with each parent; each parent's past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each parent to foster a relationship with the other parent" (Matter of Cretella v Stephens, 160 AD3d 846, 847). A custody determination depends greatly "upon an [*2]assessment of the character and credibility of parties and witnesses" (Matter of Langlaise v Sookhan, 48 AD3d 685, 685; see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Perez v Martinez, 52 AD3d 518, 519). Thus, inasmuch as the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination "is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Perez v Martinez, 52 AD3d at 519; see Eschbach v Eschbach, 56 NY2d at 173-174).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Turcios v Codero, 173 AD3d 1048, 1049; Matter of Demelfi v Fliedner, 172 AD3d 1206, 1207).
"Parental access is a joint right of the noncustodial parent and of the child'" (Matter of Parris v Wright, 170 AD3d 731, 731, quoting Weiss v Weiss, 52 NY2d 170, 175; see Matter of Dey v Minvielle, 154 AD3d 750, 751). "[Parental access] with a noncustodial parent is presumed to be in the best interests of the child, although the presumption may be overcome upon a showing, by a preponderance of the evidence, that [parental access] would be harmful to the child's welfare or not in the child's best interests'" (Matter of Dey v Minvielle, 154 AD3d at 751, quoting Matter of Kadio v Volino, 126 AD3d 1253, 1254). " [T]he determination of [parental access] is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record'" (Matter of Smith v Dawn F.B., 88 AD3d 729, 729, quoting Matter of Lane v Lane, 68 AD3d 995, 997). Here, the Family Court's determination not to award parental access to the mother was in the subject child's best interests and has a sound and substantial basis in the record (see Matter of Brianna B. [Jennifer I.], 138 AD3d 832; Matter of Smith v Dawn F.B., 88 AD3d at 729-730).
The mother's remaining contentions are without merit.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court