Matter of Kalantarov v Priyeva (2019 NY Slip Op 08408)





Matter of Kalantarov v Priyeva


2019 NY Slip Op 08408


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-08403
 (Docket Nos. V-14560-15, V-14561-15, V-14562-15, V-9950-15, V-9951-15, V-9952-15)

[*1]In the Matter of David Kalantarov, respondent,
v
Marina Priyeva, appellant.


Helene Bernstein, Brooklyn, NY, for appellant.
Osato Eugene Uzamere, Jamaica, NY, for respondent.
Carol Lipton, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated June 4, 2018. The order, upon a decision of the same court also dated June 4, 2018, made after a hearing, granted the father's petition for parental access with the parties' children. The notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who were married, separated in June 2014, at which time the mother left the marital home with the parties' three children. Approximately one year after the parties' separation, the mother filed a family offense petition against the father, as well as a petition seeking sole legal and physical custody of the children. Shortly thereafter, the father filed a petition seeking parental access with the children.
On September 18, 2017, the parties entered into a partial settlement resolving the mother's petitions, which resulted in the entry of a three-year final order of protection in favor of the mother, the entry of a final order awarding sole legal and physical custody of the children to the mother, and the entry of a temporary order awarding the father unsupervised parental access with the children every Sunday from 10:00 a.m. to 3:00 p.m. Following a hearing on the father's petition for parental access, and after conducting in camera interviews with all three children, the Family Court found, in relevant part, that the children's best interests would be served by expanding the father's unsupervised parental access to include one monthly overnight visit as well as time during their summer vacation.
Since any determination related to parental access depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its credibility findings are generally accorded great deference and its determination as to [*2]parental access will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Fitzgerald v Fitzgerald, 172 AD3d 713, 714; Matter of Nixon v Ferrone, 153 AD3d 625, 627). When adjudicating parental access rights, the court's first concern is the welfare and the interests of the children (see Matter of Dey v Minvielle, 154 AD3d 750, 750-751). Parental access by a noncustodial parent is presumed to be in the best interests of the children (see Matter of Granger v Misercola, 21 NY3d 86; Matter of Parris v Wright, 170 AD3d 731).
Contrary to the contentions of the mother and the attorney for the children, the Family Court's determination, that expanded parental access with the father is in the children's best interests, is supported by a sound and substantial basis in the record. This determination is supported by, among other things, the testimony of the court-appointed forensic expert based on his observation of the parties and the children, and the testimony of the court-appointed evaluator who supervised visits between the father and the children.
The remaining contentions of the mother and the attorney for the children are without merit.
Accordingly, the Family Court's determination will not be disturbed (see Matter of Sanders v Jaco, 148 AD3d 812, 814).
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court